# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-475V
### Filed: August 23, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ALLEN O. CABANSAG,               * | |
|                               * | |
| v.                              * | |
|          Petitioner,        * | Ruling on Entitlement; Concession; |
|                               * | Diphtheria, Tetanus, acellular Pertussis |
|                               * | ("DTaP") Vaccine; Shoulder Injury |
| SECRETARY OF HEALTH       * | Related to Vaccine Administration |
| AND HUMAN SERVICES,        * | ("SIRVA"); Special Processing Unit |
|                               * | ("SPU") |
|          Respondent.       * | |
|                               * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner.*
*Robert P. Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On April 14, 2016, Allen O. Cabansag ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleges that he suffered a right shoulder injury following the administration of the diphtheria, tetanus, and acellular pertussis ("DTaP") vaccine on February 28, 2014. Petition at 1. Petitioner further alleges that he has not brought a civil action or received a settlement for his injuries alleged as vaccine caused. *Id.* at ¶¶ 35-36. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 8, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report[3] at 1. Specifically, respondent "opines that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA") . . . [and] was caused-in-fact by the Tdap vaccination administered in his right arm on February 28, 2014." *Id.* at 4. Respondent further agrees that "based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Respondent filed the Rule 4(c) Report in conjunction with a Proffer, titling the document "RESPONDENT'S RULE 4(c) REPORT AND PROFFER ON AWARD OF COMPENSATION."